One John Stephens, being indebted to the firm of J. J. C. (312) Washington, for the purpose of securing the payment of the debt, conveyed certain property by a deed in trust to James E. Metts, the plaintiff, as trustee. The property was left in the possession of Stephens. The deed in trust was dated 11 October, 1837, and was proved before the clerk of the county court and deposited in the register's office for registration at 7 o'clock p.m. of the same day. No memorandum was made on the deed by the register of the time of its deposit in his office. He immediately, however, commenced the registration of the deed and continued until it was completed, and endorsed upon it "enrolled in the register's office the 11th of October, 1837."
At 9 o'clock p.m. of the same day the firm of Wilcox White, of which the defendant Wilcox was a partner, obtained a judgment before a justice of the peace against the said John Stephens, and an execution was immediately issued, and by the direction of the defendant Wilcox was levied by the defendant Bright on the property conveyed in the deed *Page 248 
of trust. For this levy and seizure this action was brought by the trustee. If the court should be of opinion that the officer was justified by the execution in making the levy and seizure, then judgment was to be rendered for the defendants, otherwise for the plaintiff for a certain sum and costs.
His Honor held upon these facts that "according to the case of McKinnonv. McLean (ante, vol. 2, p. 79), it would seem that the deed has priority. The fact of delivery to the register may be proved by parol when the register has omitted to note the time; and as the object is to given notice to creditors and purchasers, the deed being in the register's office, they have the means thereby of perusing the original or transcript, and there inform themselves of its contents. The law does not regard the fraction of a day unless time be material, but it will take notice of a prius andposterius when it is necessary for the ends of justice."
Judgment was rendered for the plaintiff and the defendant appealed.
(313) Justices' executions bind personal property only from the levy. 1 Rev. Stat., ch. 45, sec. 16. Mortgages and deeds in trust are good against creditors and purchasers only from the date of registration. 1 Rev., Stat., ch. 37, sec. 24. In this case the registration of the deed from Stephens, under which the plaintiff claims, and the constable's levy under the justice's execution against the said Stephens, under which the defendant claims, were made on the same day, to wit: on 11 October, 1837. The deed in trust had been proved, and was delivered to the register at 7 o'clock p.m. on that day, and he immediately commenced registering it, and continued until the same was completed. The endorsation on it simply is "enrolled in the register's office 11 October, 1837." The defendant's judgments were obtained at 9 o'clock p.m. the same day — executions were immediately issued and the constable levied, on the same day, on the property contained in the plaintiff's deed in trust. The judge said that the law does not regard the fractions of a day unless time be material, but that it will take notice of a prior and a posterior when it is necessary for the ends of justice. This opinion was correct. It is a maxim that in law there is no fraction of a day. Co. Lit, 135-136; 9 East's Rep., 154; 11 East's Rep., 496; 4 Term. Rep., 660. Yet that doctrine no longer prevails when it becomes essential for the purposes of justice to ascertain the exact hour or minute. 9 East's Rep., 154; 3 Coke Rep., 36; 3 Bur. Rep., 1434; 2 Bur. and Ald., 586; 3 Chitty's Prac., 113. The Legislature directs (1 Rev. Stat., ch. 37, sec. 26) that the register shall endorse on each deed of trust or mortgage the day *Page 249 
on which it is delivered to him for registration, and such endorsement shall be entered on the register's books and from a part of the registration; and he shall immediately thereafter register such deeds in the order of time they are delivered to him. The direction contained in this section of the act was intended to preserve the best evidence of the fact of priority in delivery and registration of deeds of trust and mortgages. The register is subject to an action and an indictment if he omit this duty. Certainly it is not essential to the validity of a registration that the day of delivery to the register should be endorsed on the deed and registered with it in the book of the office. If this duty (314) is not performed by the register it may be questionable whether the registration can refer back to an antecedent day by means of parol evidence of that fact. But there is no claim on the part of the plaintiff here to carry back the registration beyond the day whereon it was registered and certified to have been registered. Our Legislature has not been as particular as the British parliament have been in framing some of their registry acts. It has not directed the register to note the hour of the day when deeds shall have been delivered into his office. In McKennonv. McLean (ante 2 vol., p. 79); this court held that "registration in itself is but one thing, necessarily indeed made up of successive operations, consuming more than an instant of time; and as the registration cannot be said not to exist at any instant after it was begun, the intermediate lapse of time is not regarded, and the whole relates to the first moment, so as to make the act operative therefrom. From the beginning the whole is one continuing act, and therefore in legal contemplation it is done from the commencement." The registry of the plaintiff's deed in trust was commenced, if not finished, before the defendant's levy. We are, therefore, of the opinion that the law was properly expounded by the Superior Court, and the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Parker v. Scott, 64 N.C. 120; Cunninggim v. Peterson, 109 N.C. 37;Davis v. Whitaker, 114 N.C. 280; Glanton v. Jacobs, 117 N.C. 429.
(315)